IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 06-cv-00081-RPM

PAMELA BANDKOWSKI,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
_____

ORDER OF REVERSAL AND FOR REMAND
_____

This is a judicial review under 42 U.S.C. § 405(g), of a decision of an Administrative Law Judge (ALJ) denying Pamela Bandkowski's Application for Disability Insurance Benefits under the Social Security Act, affirmed by the Appeals Council. The claimant's insured status expired on December 31, 2003. The ALJ found that although Ms. Bandkowski had severe impairments of degenerative disc disease of C6-7 status, post-fusion of C6-7, and left shoulder strain and was unable to perform her past relevant work or the full range of light exertional work, she could perform such jobs as "other assembly," usher and office helper based on the vocational testimony presented at the hearing. The ALJ found that the claimant's testimony "was not fully persuasive regarding her symptomatology and resulting limitations." R. 21. The ALJ said that the claimant has not been under a disability as defined in the Social Security Act and Regulations at any time since April 16, 2002, and through the date of the decision. The ALJ's determination is not supported by substantial evidence. Indeed, it is directly

contradicted by the medical records in the case and therefore must be reversed.

At the hearing before the ALJ Ms. Bandkowski testified to the daily effects of her depression, memory problems and incapacitating headaches. In the examination of the vocational expert (VE) witness the ALJ presented a hypothetical question which did not include those limitations and it was in response to that question that the VE identified jobs which she could do. In response to a second hypothetical in which the ALJ included the need to "lay down on an unpredicted basis for up to one to three hours due to pain" the VE said that there could be no competitive employment. R. 234. The ALJ did not mention headaches in the question.

Totally missing from the ALJ's decision is any recognition of the fact that the claimant was injured in a rollover automobile accident on April 16, 2002, which caused her to seek medical treatment for headaches, neck stiffness and shoulder tightness. That injury is the date of onset for her disability. Initially, she received conservative treatment. An MRI on June 28, 2002, showed a herniated disc at the C6-7 level as a cause of continuing neck and headache symptoms. A neurologic consultation on July 17, 2002, suggested surgery but conservative treatment was continued without success. R. 129. She continued to report bad headaches in progress notes and finally on February 13, 2003, Dr. Patrick Sillix performed surgery consisting of cervical discectomy with fusion.

An IME was performed on January 2, 2004, by Dr. Garret Marshall, apparently for insurance purposes. Dr. Marshall reported that Ms. Bandkowski had "cervicogenic

headache" with chronic neck pain, mid back pain and low back pain. R. 200. The doctor opined that the patient's complaints were directly related to the accident on April 16, 2002. Another IME was performed on April 19, 2004, again apparently in response to an insurance questionnaire, by Dr. Neal J. Gilman. He also reported complaints of chronic headaches which were severe and gave as his impressions that her chronic headaches were probably "muscle contraction variety" with post-traumatic stress disorder. R. 214. He opined that these conditions were caused by the motor vehicle accident and said that her prognosis was poor because the symptoms have not changed over a two-year period despite numerous amounts of physical therapy and treatment. R. 215. Dr. Gilman recommended a psychiatric evaluation and that was done by Dr. Gerd Leopoldt in October, 2004. He began treating Ms. Bandkowski for depression and post-traumatic stress disorder. R. 190-197.

The ALJ disregarded medical reports after December 31, 2003. In doing so, he also disregarded the consistent reporting by the examining physicians that all of the plaintiff's complaints resulted directly from the automobile rollover on April 16, 2002. As a result, the ALJ failed to recognize the obvious fact that the pain symptoms and headaches have been continuous for this woman since the date of that event.

In his evaluation of the claimant's credibility, the ALJ placed reliance on Ms. Bandkowski's responses in the daily activities questionnaire, R. 76-79, showing that she could do household chores. The ALJ ignored the claimant's statement on that form that she had excruciating headaches and was lacking in energy and was depressed since the auto accident.

After the ALJ's decision, her attorney submitted to the Appeals Council a letter from Gregory C. Reicks, D.O., a family practitioner who began seeing Ms. Bandkowski as a patient in early February, 2005, expressing an opinion concerning her disability. While this report is well after the relevant time period, it is consistent with all of the other medical records.  The Appeals Council apparently did not consider the letter to be important.

What is error in this case is the failure of the ALJ to appreciate that while pain and headaches are subjective symptoms, they are entirely consistent with the objective impairments that all were the result of the automobile accident and are therefore determinative of disabling pain.  *Luna v. Bowen,* 834 F.2d 161 (10th. Cir. 1987).

Because the denial decision is directly contrary to the medical evidence of record, it is

ORDERED that the decision is reversed and this matter is remanded for the determination of benefits.

DATED:   October 26th , 2006

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge